1
2
3
4
5
6
7

O

8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

AMIR GILIC,

               Plaintiff,

    vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]

               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. EDCV 13-260 RNB

ORDER DENYING PLAINTIFF'S REQUEST FOR REMAND AND AFFIRMING DECISION OF COMMISSIONER

18
19
20
21
22
23
24
25

     The sole disputed issue in this action is whether the case should be remanded to the ALJ for consideration of new and material evidence under sentence six of 42 U.S.C. § 405(g). (See Joint Stipulation ("Jt Stip") at 4.) Plaintiff seeks remand based on a neuropsychological evaluation by Dr. Travis Fogel, which was generated after the ALJ's decision became final and after plaintiff filed the instant action. (See Jt Stip at 7-11.)

26
27
28

---

    [1]    The Acting Commissioner is hereby substituted as the defendant pursuant to Fed. R. Civ. P. 25(d). No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

1

1   A.   <u>Background</u>

2          On April 5, 2007, Dr. Harrell Reznick conducted a psychological evaluation

3   of plaintiff.  (See Administrative Record ("AR") 272-77.)  Dr. Reznick noted that

4   plaintiff, who was 18 years old, had a history of a brain tumor which had resulted in

5   the surgical insertion of a shunt. (See AR 273.) Dr. Harrell also administered a series

6   of psychological tests and conducted a mental status examination of plaintiff.  (See

7   id.)  Based on the results, Dr. Harrell opined that plaintiff could perform simple and

8   repetitive tasks with minimal supervision.  (See AR 277.)

9          On November 4, 2011, the ALJ held an administrative hearing.  (See AR 29.)[2]

10  Near the conclusion of the hearing, plaintiff's counsel informed the ALJ that he

11  wished to submit additional medical records.  (See AR 59.)  The ALJ commented that

12  she would like to receive those records and agreed to hold the record open for two

13  weeks for that purpose.  (See id.)  Following the hearing, plaintiff's counsel did

14  supplement the record with additional medical evidence.  (See AR 391-464.)

15         On December 16, 2011, the ALJ issued a decision finding plaintiff not

16  disabled.  (See AR 12-23.)  In relevant part, the ALJ's RFC determination

17  incorporated Dr. Reznick's limitation for simple, repetitive tasks.  (See AR 16.)

18  Moreover, the ALJ gave "significant weight" to Dr. Reznick's opinion because Dr.

19  Reznick had personally observed and examined plaintiff and because Dr. Reznick's

20  opinion had been consistent with his objective findings and the record as a whole.

21  (See AR 20-21.)

22         On December 17, 2012, the Appeals Council denied plaintiff's request for

23  review.  (See AR 1-3.)  Accordingly, the ALJ's decision became the final decision of

24  _____

25         [2]     The record is not clear as to why more than four years elapsed between
26  the date of Dr. Reznick's psychological evaluation and the date of the administrative
    hearing.  However, it appears that the delay may have been attributable in part to a
27  prior disability application that was denied during the four year period and that is not
28  at issue in this action.  (See AR 106-08.)

2

1  the Commissioner.

2         On February 15, 2013, plaintiff timely filed the instant action.

3         In April 2013, Dr. Fogel conducted a neuropsychological evaluation of

4  plaintiff, following which he wrote a detailed report of his findings and opinions.

5  (See Jt Stip, Exhibit ("Exh.") 1.)  In the report, Dr. Fogel noted that he had reviewed

6  plaintiff's available medical records, had conducted a clinical interview of plaintiff

7  and his mother, and had administered a neuropsychological screening battery of tests.

8  (See Jt Stip Exh. 1 at 2.)  Based on the results, Dr. Fogel opined that plaintiff had

9  severe memory deficits, and that he was likely to be slow, inefficient, forgetful, and

10  disorganized with poor problem-solving skills.  (See Jt Stip Exh. 1 at 17, 18.)  Dr.

11  Fogel also opined that plaintiff's neuropsychological impairments would preclude

12  him from being able to obtain full-time competitive employment.  (See Jt Stip Exh.

13  1 at 19.)

14         On September 26, 2013, plaintiff executed a declaration explaining the

15  circumstances of his neuropsychological evaluation by Dr. Fogel.  (See Jt Stip, Exh.

16  2.)  In relevant part, plaintiff declared that his medical insurance requires a co-

17  payment of $20; that he earns $50 to $100 per month; that he has a credit card debt

18  of $6,000 and that his parents are behind on their mortgage payments by $8,000 and

19  also have significant credit card debt; that he and his family have limited funds to pay

20  for doctor's fees and co-payments; that he was not sure that his insurance would

21  cover a neuropsychological evaluation or that he could afford the co-payment; and

22  that once he determined that the evaluation would be covered, he had to save money

23  for the co-payment.  (See id.)

24

25  B.     Analysis

26         Pursuant to Sentence Six of 42 U.S.C. § 405(g), the Court has jurisdiction to

27  remand the case to the Commissioner for the consideration of new evidence, but

28  "only upon a showing that there is new evidence which is material and that there is

1  good cause for the failure to incorporate such evidence into the record in a prior
2  proceeding." See also, e.g., Allen v. Secretary of Health & Human Servs., 726 F.2d
3  1470, 1473 (9th Cir. 1984).  To be material, the new evidence must bear directly and
4  substantially on the matter in issue, and there must be a real possibility that the new
5  evidence would have changed the outcome if it had been before the Commissioner.
6  See Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986); Booz v. Secretary of
7  Health & Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984).  The good cause
8  requirement is satisfied if new information surfaces after the Commissioner's final
9  decision and the claimant could not have obtained that evidence at the time of the
10  administrative proceeding. See Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985).

11       Here, Dr. Fogel's report constitutes "new evidence," and the Court is inclined
12  to concur with plaintiff that Dr. Fogel's opinions qualify as "material."  However, the
13  Court finds that plaintiff has not established good cause for his failure to obtain Dr.
14  Fogel's opinion at the time of the administrative proceeding, for the following
15  reasons.

16       First, the Court does not find credible plaintiff's stated reason that his financial
17  problems and uncertainty over insurance coverage prevented him from obtaining Dr.
18  Fogel's opinion earlier.  By plaintiff's own account, the co-payment for Dr. Fogel's
19  neuropsychological evaluation was 20 dollars, an amount that should not have been
20  unduly burdensome because plaintiff had a part-time job and lived with his parents
21  (who apparently were not making payments on their mortgage).  (See Jt Stip, Exh. 2.)
22  The record contains evidence of multiple other medical visits, for which plaintiff
23  presumably had the ability to make co-payments.  (See AR 279-86, 288-92, 315-25,
24  327-37, 349-55, 377-90, 392-442, 444-64.)  Moreover, it appears from the record that
25  plaintiff received a referral to a neuropsychologist as early as 2010 (see AR 329, 333,
26  337), which would have given him sufficient time to verify his insurance coverage
27  and to secure the funds for the co-payment, well before the administrative proceeding
28  in November 2011.  Accordingly, these circumstances do not persuade the Court that

4

1    plaintiff's financial status and insurance coverage constituted good cause.  See
2    Walton v. Astrue, 773 F. Supp. 2d 742, 753 (N.D. Ohio 2011) (finding unpersuasive
3    plaintiff's alleged lack of finances or health coverage as a basis for good cause
4    because "the record does not reflect the factors that would distinguish him from the
5    majority of near destitute claimants who timely submit medical evidence").

6            Second, the Court finds that plaintiff has not established good cause because
7    he unreasonably failed to raise the issue of the need for a neuropsychological
8    evaluation at the administrative hearing.  Plaintiff was represented by counsel at the
9    administrative hearing, and plaintiff and his counsel certainly were aware that
10   functional limitations arising from his brain impairment were an issue for his
11   disability claim; yet, neither plaintiff nor his counsel alerted the ALJ that a
12   neuropsychological evaluation was necessary.  See Sanchez v. Secretary of Health
13   and Human Services, 812 F.2d 509, 512 (9th Cir. 1987) (finding failure to establish
14   good cause where plaintiff had an attorney at the hearing who was aware of plaintiff's
15   memory loss yet did not raise the issue); Allen, 726 F.2d at 1473 (same where
16   plaintiff "was aware of his mental problems at the time of the hearing" but did not
17   produce the evidence earlier, even though he was not represented by counsel); see
18   also Matthews v. Apfel, 239 F.3d 589, 595 (3d Cir. 2001) (same where "[plaintiff]
19   should have known that her ability to work was an issue at the ALJ hearing"); Cline
20   v. Commissioner of Social Sec., 96 F.3d 146, 149 (6th Cir. 1996) (same because,
21   "Even if we excuse counsel's failure to acquaint himself with his client before the
22   hearing, [plaintiff] cannot benefit from any failure to notify the ALJ at or following
23   the hearing regarding the need to consider additional psychiatric evidence"); Willis
24   v. Secretary of Health and Human Services, 727 F.2d 551, 554 (6th Cir. 1984) (same
25   because, "If counsel for Appellant believed there was evidence of a psychiatric
26   condition in support of the claim of disability, that evidence should have been before
27   the ALJ").

28           Third, the Court finds that plaintiff has not established good cause because

1  plaintiff was afforded a sufficient opportunity to supplement the record after the
2  administrative hearing. As noted above, near the conclusion of the hearing, plaintiff's
3  counsel informed the ALJ that he wished to submit additional medical records and
4  the ALJ did agree to leave the record open for two weeks. Then, after the hearing,
5  plaintiff's counsel did supplement the record with additional medical evidence, but
6  he again failed to alert the ALJ that a neuropsychological evaluation was necessary.
7  See Hollon ex rel. Hollon v. Commissioner of Social Sec., 447 F.3d 477, 485 (6th Cir.
8  2006) (finding failure to establish good cause where plaintiff "was represented by
9  counsel by the time the matter reached the Appeals Council – and, indeed, her
10 attorney was successful in supplementing the administrative record at that point");
11 Matthews, 239 F.3d at 595 (same where "[t]he ALJ even kept the administrative
12 record open in order to allow [plaintiff] to submit additional evidence" yet "[plaintiff]
13 did not submit [the medical] report until more than seven months after the ALJ's
14 adverse decision"); Lisa v. Secretary of Dept. of Health and Human Services of U.S.,
15 940 F.2d 40, 46 (2d Cir. 1991) (same where "the ALJ stressed at the hearing the need
16 for [plaintiff] to submit medical reports regarding her functional capacity as of the
17 time when she enjoyed insured status, and received in evidence reports proffered by
18 [plaintiff] subsequent to the hearing.").

19     In conclusion, while the Court is mindful of Ninth Circuit authority that good
20 cause is generally not a difficult standard to meet (see, e.g., Burton v. Heckler, 724
21 F.2d 1415, 1417-18 (9th Cir. 1984); Johnson v. Schweiker, 656 F.2d 424, 426 (9th
22 Cir. 1981)), the Court finds here that plaintiff has failed to meet that standard because
23 it was not financially burdensome to obtain Dr. Fogel's evaluation in a timely
24 manner, and because plaintiff or his counsel could have raised the issue to the ALJ
25 with due diligence. The mere fact that Dr. Fogel's report may be favorable to
26 plaintiff's disability claim is insufficient to overcome these circumstances. See
27 Mayes v. Massanari, 276 F.3d 453, 463 (9th Cir. 2001) ("A claimant does not meet
28 the good cause requirement by merely obtaining a more favorable report once his or

her claim has been denied.").

*******************

IT THEREFORE IS ORDERED that plaintiff's request for remand under sentence six of 42 U.S.C. § 405(g) is DENIED and that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED:  December 20, 2013

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

7